DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2009-143 |
| | ) | |
| ALBERT JURGEN, MERCEDES E. JURGEN, | ) | |
| EMMERY McNAIRY, BARBARA B. McNAIRY, | ) | |
| JORGE M. CAREW, DE'NEAN COLEMAN- | ) | |
| CAREW, AILEEN G. YATES, and LYNN R. | ) | |
| JOSHUA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ATTORNEYS:

**Alex Moskowitz, Esq.**
**Dudley Topper & Feuerzeig**
St. Thomas, VI
        *For the plaintiff,*

**Albert Jurgen**
        *Pro se defendant,*

**Barbara McNairy**
        *Pro se defendant,*

**Jorge M. Carew**
        *Pro se defendant,*

**De'Nean Coleman-Carew**
        *Pro se defendant,*

**Lynn R. Joshua**
        *Pro se defendant*

<u>ORDER</u>

**GÓMEZ, C.J.**

        Banco Popular de Puerto Rico ("Banco Popular") alleges that

on July 20, 2006, Albert Jurgen ("Jurgen") as attorney-in-fact

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 2

for  Mercedes E. Jurgen, Emmer McNairy, Barbara B. McNairy,

Jorge M. Carew, De'Nean Coleman-Carew, Aileen G. Yates, and Lynn

R. Joshua (collectively the "Defendants") entered into a loan

agreement with Banco Popular (the "Loan Agreement"). Pursuant to

the Loan Agreement, Banco Popular loaned $292,000 to the

Defendants. In exchange, the Defendants agreed to pay Banco

Popular $292,000, plus interest, in equal consecutive monthly

installments. As security for the loan, Jurgen executed a

mortgage on property known as Parcel No. 11-69 Estate Peterborg,

No. 12 Great Northside Quarter, St. Thomas, Virgin Islands,

consisting of 0.507 U.S. acre, more or less, as shown on P.W.D.

A9-370-T89 (the "Property").

Banco Popular alleges that the Defendants have failed to

make the payments as required under the Loan Agreement and are

in default on their obligations.

On October 6, 2009, Banco Popular initiated this debt and

foreclosure action against the Defendants.

On November 1, 2011, Banco Popular filed a motion for leave

to serve defendants Aileen G. Yates ("Yates") and Emmery McNairy

("McNairy") (the "Motion to Serve"). In that motion, counsel for

Banco Popular asserted that, "in all candor to the Court,

[counsel] cannot assert any basis for a finding of good cause to

extend the time to allow [Banco Popular] to effectuate service

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 3

on the defendants Emmery McNairy and Aileen Yates . . . ." (Mot.

to Serve 4.) Notwithstanding, the Magistrate Judge granted the

Motion to Serve.

On March 9, 2012, the Court vacated the Magistrate's order.

The Court found that service was not made on Yates or McNairy

within 120 days of the filing of the Complaint, and that Banco

Popular had failed to show any good cause for the delay. The

Court then ordered Banco Popular to either file proof of service

on McNairy and Yates or show cause why this action should not be

dismissed for lack of timely service.

Fed. R. Civ. P. 4(m) provides:

> (m) Time Limit for Service. If a defendant is not
> served within 120 days after the complaint is filed,
> the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice
> against that defendant or order that service be made
> within a specified time. But if the plaintiff shows
> good cause for the failure, the court must extend the
> time for service for an appropriate period . . . .

Fed. R. Civ. P. 4(m).

The Third Circuit has read Rule 4(m)"to require a court to

extend time if good cause is shown and to allow a court

discretion to dismiss or extend time absent a showing of good

cause." *Petrucelli v. Bohringer*, 46 F.3d 1298, 1305 (3d Cir.

1995) In exercising its discretion to extend a service deadline,

absent good cause, a court must consider four factors: "(1) the

reasonableness of the plaintiff's efforts to effect service; (2)

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 4

prejudice to the defendant because of untimely service; (3)

whether the plaintiff has moved for an enlargement of time; and

(4) whether the statute of limitations will bar the plaintiff's

claims if the action is dismissed." *Mathies v. Silver*, 450 F.

App'x 219, 222 (3d Cir. 2011).

In *Mathies v. Silver*, 450 Fed. App'x 219 (3d Cir. 2011),

Stephen Mathies ("Mathies"), an inmate, filed a *Bivens* action

against a prison physician, Seth Silver ("Dr. Silver"). Mathies

failed to serve Silver for more than six years and never

properly served the United States. *Id*. at 220. On appeal, the

Third Circuit affirmed the district court's dismissal of the

action for want of timely service after "consider[ing] several

factors, including whether the statute of limitations would

foreclose the plaintiff from re-filing, whether the defendant

attempted to evade service, and any other relevant equitable

considerations." *Id*. (citing *Petrucelli v. Bohringer &*

*Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) ("The Advisory

Committee note provides some guidance as to what factors the

district court should consider when deciding to exercise its

discretion to extend time for service  . . . [a]lthough the list

is not exhaustive, the Committee explained that '[r]elief may be

justified, for example, if the applicable statute of limitations

would bar the refiled action, or if the defendant is evading

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 5

service or conceals a defect in attempted service.'") The Third

Circuit noted that the failure to serve the defendants was

attributable to "both Mathies and his attorney . . . ." *Id.* The

court further noted that this had the effect of tolling the

statute of limitations "for six years." *Id.* Thus, the Third

Circuit ultimately agreed with the district court that

> it would be unfair to impose upon Dr. Silver further
> delays so that Mathies could complete service, as well
> as the burden of defending a claim that Mathies did
> not bring to Silver's attention until—accepting
> arguendo Mathies' position that his claim accrued in
> April 2003—seven years after the statute of
> limitations began to run.

*Id.* Accordingly, the Third Circuit concluded that the district

court did not abuse its discretion in holding "that fairness to

the defendant in this case outweighed Mathies' interest in

continuing the litigation." *Id*. at 221.

The Complaint in this case was filed on October 6, 2009.

Banco Popular first attempted to serve defendants Yates and

McNairy on November 28, 2009, and December 10, 2009,

respectively. The process server in the return of service forms

stated that he did not serve Yates and McNairy, but rather

Jurgen, who the process server described as Yates's and

McNairy's "Attorney In Fact."

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 6

On March 1, 2010, Banco Popular moved for entry of default against McNairy. The Clerk of the Court did not enter default against McNairy.

Thereafter, on March 3, 2010, 148 days after the filing of the Complaint, Banco Popular moved for authorization to serve Emmery McNairy by publication. Although the Magistrate Judge granted the motion, to date, Banco Popular has submitted no evidence of any attempt to serve McNairy by publication.

Finally, on October 28, 2011, 752 days after the filing of the Complaint, Banco Popular reissued summonses to Yates and McNairy once again. Banco Popular simultaneously moved for an extension of time in which to serve the defendants, although Banco Popular admitted that it had no good cause for the serving McNairy and Yates nearly two years late. Nonetheless, on November 29, 2011, the Magistrate Judge granted the motion, giving Banco Popular an additional thirty days in which to effectuate service.

The Magistrate Judge's November 29, 2011, Order effectively granted Banco Popular, in total, 811 days in which to serve Yates and McNairy, a nearly two-year extension of the 120-day deadline set forth by Rule 4(m). In so doing, the Magistrate Judge concluded only that "the requested brief extension of time to serve would not unduly prejudice said Defendants." (Mag.

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 7

Order, Nov. 29, 2011.) The Magistrate Judge did not elaborate as

to why Yates and McNairy would not be prejudiced, nor did the

Magistrate Judge consider any of the other three *Mathies*

factors.

> Nevertheless, Banco Popular argues that
>
> the [Magistrate Judge] properly exercised [his]
> discretion under Fed. R. Civ. P. 4(m) to extend the
> time for plaintiff to serve the remaining defendants,
> which plaintiff did in a timely manner pursuant to the
> November 29, 2011 Order. As such, it is respectfully
> submitted that dismissing this matter would only serve
> to delay resolution of the case, increase the costs to
> defendants and allow non-performing loans to weigh
> down the balance sheets of one of the few banks that
> offer loans in the Territory to local residents.

(Banco Popular Reply, Mar. 13, 2012).

A magistrate judge may hear and decide non-dispositive

pretrial matters, including disputes about service of process.

*See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A district

court must set aside any part of a magistrate judge's "order

that is clearly erroneous or is contrary to law." Fed. R. Civ.

P. 72(a). Under the clearly erroneous standard, "the reviewing

court must affirm unless it 'on the entire evidence is left with

the definite and firm conviction that a mistake has been

made.' " *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir.

2006) (quoting *United States v. United States Gypsum Co.*, 333

U.S. 364, 395 (1948)) (other internal quotation marks and

citation omitted); *see also Highland Capital Mgmt., L.P. v.*

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 8

*Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) ("A district judge is justified in finding a magistrate judge's ruling clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (internal quotation marks and citations omitted)).

As discussed above, it is unclear precisely what evidence was considered by the Magistrate Judge in extending the deadline for Banco Popular to serve Yates and McNairy. If it relied on the concerns pressed now upon the Court by Banco Popular-- namely, that not granting an extension would "delay resolution of the case"[1] and somehow increase the mass of the Banco Popular's balance sheets[2]--this was clear error, as these considerations have no bearing on the four factors the Court is to consider under *Mathies*.

Turning then to the *Mathies* factors, it is clear from the entirety of the evidence that Banco Popular's initial efforts to serve Yates and McNairy were plainly unreasonable. Rule 4 is

---

[1] A rather curious position for Banco Popular to advance when it seeks a nearly two-year extension of the deadline for effecting service of process. One would have thought that effecting proper service in a more timely fashion would be the most expedients means of timely resolving this case.

[2] It is entirely unclear why it would even be permissible for this Court to consider such that a "non-performing loan" might somehow "weigh down" a bank's balance sheet, or how that would affect the bank's ability to loan to others. Moreover, a bank is presumably aware that, in the ordinary course of things, a non-performing loan can be quickly and expediently foreclosed, so long as appropriate notice is given to all the concerned parties.

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 9

quite clear that the summons must be given either to a defendant

personally, delivered to someone at the defendant's residence,

or delivered to the defendant's "agent authorized . . . to

receive service of process." Fed. R. Civ. P. 4(e)(2). Neither

federal nor Virgin Islands law permits service on an "attorney

in fact" or, for that matter, an ordinary attorney, unless they

are a designated agent. There is no evidence that Jurgen had

been designated or appointed as an agent for receiving service

on behalf of either Yates or McNairy, and Banco Popular does not

seriously contend that Jurgen was such an agent.

On the record as a whole, it is unclear whether Yates and

McNairy have been prejudiced by the nearly two-year delay in

service. However, the Court notes that, in December, 2011, Yates

and McNairy were finally served with process in Alabama and

California, respectively. Given the considerable distances they

must travel to return to the Virgin Islands to defend this

action, and the difficulties involved in retaining local

counsel, if they should choose to do so, it is reasonable to

assume they have suffered prejudice by Banco Popular's delay in

serving them. However, given the deference the Court must afford

to the Magistrate Judge, the Court cannot say that the

Magistrate Judge erred if it counted this *Mathies* factor in

favor of Banco Popular.

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 10

Turning to the third factor, although Banco Popular has

moved for an enlargement of time, it did so 752 days after the

filing of the Complaint, well past the deadline for service of

process. Moreover, Banco Popular admits there was no good cause

for the delay in service. Banco Popular has also not offered any

good cause as to why, after their initial attempts at service

were unsuccessful, they waited for nearly two years before

moving for additional Banco Popular has further failed to show

cause why, given the delay and the untimely request for an

extension, any specific reason why this action should not be

dismissed.[3] Like the Plaintiff in *Mathies*, BPPR had many

opportunities to serve Yates and McNairy, yet declined to do so,

even after being granted leave to attempt service by

publication.

Fourth, the statute of limitations for a breach of contract

action in the Virgin Islands is six years. V.I.Code Ann. tit. 5,

§ 31(3)(A). Although the Complaint does not allege when the

cause of action accrued, it could be as early as August 1, 2006,

when the first installment payment was due under the Loan

---

[3] As mentioned above, the Court is aware of Banco Popular's concern that
dismissal of its complaint against Yates and McNairy may impede the
resolution of this case and the bank's ability to collect on the debt owed to
it. However, these generic concerns--which would presumably apply in any case
in which a plaintiff neglected to serve a defendant for an extended period of
time--do not supply the Court with any reason to treat this case uniquely and
allow an unusually large extension of the time period for service of process.

*BPPR v. Jurgen et al.*
Civil No. 2009-143
Order
Page 11

Agreement.[4] (Pl.'s Ex. 4.) It could also be a recurring breach,

arising each time a payment was due. In any event, Yates and

McNairy, much like the defendant in *Mathies*, may be in a

position of defending an action "years after the statute of

limitations began to run." 450 Fed. App'x at 220.

Weighing the four *Mathies* factors, and even assuming that

the second factor tilts in favor of Banco Popular, the Court is

left with the definite and firm conviction that the Magistrate

Judge's decision was in error. Given the patently unreasonable

first attempts at service, the lack of any good cause for the

lengthy delay, and the short statute of limitations, even if

only minimal prejudice was done to Yates and McNairy, it cannot

be said that Banco Popular was entitled to the nearly two-year

extension it requested. Accordingly, after considering the

totality of the evidence and determining that the Magistrate

Judge's order was clearly erroneous, it is hereby

**ORDERED** that this action is **DISMISSED** as to the defendants

Yates and McNairy.

S_____
**Curtis V. Gómez**
**Chief Judge**

---

[4] The Court notes that Banco Popular sent the Defendants a notice of default on July 6, 2009. (Pl.'s Ex. 8.) However, under the terms of the Loan Agreement, payments were to begin on August 1, 2006, and the full balance was to be paid by July 20, 2007. (Pl.'s Ex. 4.) Moreover, the notice of default claims that the Defendants owe the entire amount of the principal, plus interest and late charges. (Pl.'s Ex. 8.) This suggests the Defendants may have defaulted at a very early stage in the repayment process.