```
          DISTRICT COURT OF THE VIRGIN ISLANDS
           DIVISION OF ST. THOMAS AND ST. JOHN
```

BANCO POPULAR DE PUERTO RICO,         )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )    Civil No. 2009-143
                                      )
ALBERT JURGEN, MERCEDES E. JURGEN,    )
EMMERY MCNAIRY, BARBARA B. MCNAIRY,   )
JORGE M. CAREW, DE'NEAN COLEMAN-CAREW,)
AILEEN G. YATES, and LYNN R. JOSHUA   )
                                      )
        Defendants.                   )
                                      )

ATTORNEYS:

**Alex Moskowitz, Esq.**
**Erik E. Woodbury, Esq.**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *For the plaintiff Banco Popular de Puerto Rico,*

**Albert Jurgen**
**Mercedes E. Jurgen**
**Emmery McNairy**
**Barbara B. McNairy**
**Jorge M. Carew**
**De'Nean Coleman-Carew**
**Aileen G. Yates**
**Lynn R. Joshua**
    *Pro se defendants.*


                         <u>ORDER</u>

**GÓMEZ, J.**

    Before the Court is the motion of the plaintiff, Banco Popular de Puerto Rico, for an order confirming sale.

    Having reviewed the record, the Court makes the following findings:

On October 6, 2009, Banco Popular de Puerto Rico ("Banco Popular") initiated this action for debt and foreclosure against Albert Jurgen, Mercedes E. Jurgen (collectively, the "Jurgens"), Emmery McNairy, Barbara McNairy (collectively, the "McNairys"), Jorge M. Carew, De'Nean Coleman-Carew (collectively, the "Carews"), Aileen G. Yates ("Yates"), and Lynn R. Joshua ("Joshua") (collectively, the "defendants"). Banco Popular sought a judgment of foreclosure as against all of the defendants, and judgment of debt against the Jurgens.[1]

The defendants did not answer or otherwise appear. The Court entered default judgment against the defendants on January 2, 2013. The Judgment entered on January 2, 2013, ordered foreclosure of property owned by the defendants and described as:

> Parcel No. 11-69 Estate Peterborg
> No. 12 Great Northside Quarter, St. Thomas, Virgin Islands
> consisting of 0.507 U.S. acre [sic], more or less
> as shown on P.W.D. A9-370-T89

(the "Property). The Judgment also ordered the Jurgens to pay to Banco Popular the principal amount of $292,000, plus interest and late charges.

Thereafter, on April 17, 2013, the Court issued a writ of execution for the debt against the Jurgens in the amount of

---

[1] The debts owed by the McNairys, the Carews, Yates, and Joshua had all been discharged in bankruptcy proceedings.

$366,715.70. Interest has accrued on that amount at the statutory rate.

Pursuant to the January 2, 2013, Judgment, on October 20, 2014, the United States Marshal sold the property described therein at a public auction. At the public auction, Banco Popular entered the highest bid for the Property as a credit against its debt judgment. The high bid was $250,000.

Banco Popular now moves for an order confirming the sale of the Property.

The premises considered, it is hereby

**ORDERED** that the Property as described herein, to Banco Popular, is **APPROVED** and **CONFIRMED**; it is further

**ORDERED** that, pursuant to Title 28, Section 535 of the Virgin Islands Code, the defendants shall have six months from the date of this Order in which to exercise their right to redeem the Property by paying Banco Popular the total value of its judgment as of the date of redemption, including principal, interest, attorneys' fees and costs; it is further

**ORDERED** that Banco Popular, or at the request of Banco Popular made to the United States Marshal, Banco Popular's assignee, shall be entitled to a Deed with respect to the Property, unless it is redeemed pursuant to Title 28, Section 535 of the Virgin Islands Code; and it is further

**ORDERED** that, pursuant to Title 28, Section 535 of the Virgin Islands Code, that Banco Popular, from the day of sale until a resale or a redemption, shall be entitled to the possession of the property purchased, unless the same be in possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**